IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROYCE DAWKINS, JR.,                    §
                                       §
            Plaintiff,                 §
                                       §
V.                                     §        No. 3:13-cv-1308-M-BN
                                       §
CHASE BANK, N.A.,                      §
                                       §
            Defendant.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. *See* Dkt. No. 5. Defendant JPMorgan Chase Bank, N.A., sued as "Chase

Bank, N.A.," filed a motion to dismiss (the "Motion to Dismiss") [Dkt. No. 4], seeking

judgment in its favor on all claims. For the reasons stated herein, Defendant's Motion

to Dismiss should be GRANTED.

**Background**

This is an action by Plaintiff Royce Dawkins, Jr., owner of real property in

Desoto, Texas (the "Property"), brought with regard to possible foreclosure of that

Property and against Defendant JPMorgan Chase Bank, a financial institution doing

business within the State of Texas. *See* Dkt. No. 1-1 at 7 of 22. Plaintiff brought the

instant action in the 162nd Judicial District Court, Dallas County, Texas, asserting

claims for (1) breach of contract and anticipatory breach of contract, (2) unreasonable

collection efforts, and (3) injunctive relief. *See* Dkt. No. 1-1 at 9-12 of 22.

Defendant timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and then filed its Motion to Dismiss, *see* Dkt. No. 4. Plaintiff filed a response and brief in opposition to Defendant's Motion to Dismiss. *See* Dkt. No. 8 ("Response"). Defendant then filed a reply in support of its motion. *See* Dkt. No. 9.

### Legal Standards

In deciding a Fed. R. Civ. P. 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

### Breach of Contract, Anticipatory Breach of Contract, and Related Claims

Plaintiff alleges in his Original Petition and argues in his Response a variety of claims based in breach of contract, anticipatory breach of contract, breach of unilateral contract, and breach of the covenant and good faith and fair dealing. Specifically, Plaintiff asserts that Defendant offered, and Plaintiff accepted, a loan modification review. Plaintiff states that he relied on Defendant's "representations and promises ... to his detriment." Dkt. No. 1-1 at 9 of 22. Plaintiff argues that his reliance on Defendant's promises constituted a unilateral contract, which Defendant breached "as now Defendant has placed Plaintiff in a situation in which he cannot catch up on Defendant's terms and may lose his home." *Id.*

The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387

(5th Cir. 2007). The elements of a claim for anticipatory breach of contract under Texas law are: (1) absolute repudiation of a contractual obligation; (2) lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Enis v. Bank of America*, N.A., 3:12-cv-295-D, 2012 WL 4741073, at *4 (N.D. Tex. Oct. 3, 2012) (citing *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004)). "To absolutely repudiate, a party must, through words or actions, declare an unconditional intent not to perform the contract according to its terms." *Id.*

A unilateral contract requires a promise, which is a manifestation of an intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made, acceptance of which by performance will form a contract. *See Lopez v. JP Morgan Chase Bank, N.A.*, No. SA-11-CA-936, 2012 WL 2726762, at *2 n.1 (W.D. Tex. July 9, 2012). Thus, a unilateral contract becomes enforceable when the promisee performs rather than when the parties make mutual promises. *See id.* Unilateral contracts are part of Texas common law. *See id.* Almost all unilateral contracts begin as illusory promises; what matters is whether the promise became enforceable by the time of the breach. *See id.*

Plaintiff's Original Petition does not state a claim under any of the above theories. Turning first to the breach of contract claim, as Defendant points out in its Motion to Dismiss, Plaintiff has not pled facts indicating that he performed under the Deed of Trust by making the required payments. *See* Dkt. No. 4-1 at 3. In fact, Plaintiff alleges that "his loan is in arrearage and Defendant will not accept payment unless it is in full." Dkt. No. 1-1 at 9 of 22. Plaintiff thus has not alleged that he has performed

or tendered performance under the Deed of Trust. Although, ordinarily, the fact that the Original Petition demonstrates that Plaintiff has failed to make proper payments would warrant dismissal with prejudice of Plaintiff's breach of contract claim, *see Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012), Plaintiff suggests that he has attempted to make payments, *see* Dkt. No. 1-1 at 10 of 22. Because copies of the Deed of Trust and Note are not in the record, it is impossible to determine under what circumstances Plaintiff may cure and thus whether payments tendered after default could be considered substantial performance or tender by Plaintiff – and Plaintiff makes no allegations to indicate that such payments constitute performance or tender. If the controlling documents permit Plaintiff to cure, Plaintiff may be able to allege that he tendered performance. Plaintiff's claim for breach of contract should therefore be dismissed without prejudice.

The undersigned notes that, in his Response, Plaintiff argues that he did not perform under the contract because he was "waiting on Defendant to make a determination regarding the modification of Plaintiff's monthly mortgage payments." Dkt. No. 8 at 4. However, Plaintiff does not allege, or even argue, that the parties modified their contract to permit Plaintiff to delay payment during any review period. Without any such allegations, Plaintiff's failure to pay under the terms of the contract necessarily means that Plaintiff failed to perform his obligations.

As for Plaintiff's claim for anticipatory breach of contract, Plaintiff fails to state any facts to plead such a claim. Plaintiff fails to plead any facts tending to show that Defendant repudiated a contractual obligation. *See* Dkt. No. 1-1 at 9-10 of 22. Plaintiff

makes no allegations tending to show that any of Defendant's words or actions positively and unconditionally demonstrated an intent to abandon its obligations under the Deed of Trust. The undersigned cannot even determine what obligation Plaintiff alleges that Defendant allegedly repudiated and therefore recommends that, because it appears that Plaintiff may not have pled his best case, this claim should be dismissed without prejudice.

To the extent Plaintiff pleads any facts regarding Defendant's failure to perform a contract, Plaintiff's allegations most clearly sound in Plaintiff's breach of unilateral contract claim. Plaintiff alleges that Defendant "offered and Plaintiff accepted a loan modification review." *Id.* at 9 of 22. Thus, the undersigned interprets this as an allegation that Defendant made Plaintiff a unilateral promise to consider entering into a loan modification with Plaintiff. However, this promise does not appear to be sufficient to state a claim unless Defendant also promised that it would delay foreclosure until concluding its review or some other such benefit to Plaintiff – facts that Plaintiff does not allege. Next, although Plaintiff states that he "accepted" Defendant's offer, Plaintiff does not allege performance, which he must do to establish a unilateral contract. Further, Plaintiff does not adequately allege how Defendant breached any unilateral contract. Although Plaintiff makes the statements that "Defendant has now placed Plaintiff in a situation in which he cannot catch up on Defendant's terms and may lose his home" and accuses Defendant of "run around games and stall tactics," Plaintiff has not explained how Defendant breached its alleged promise to review Plaintiff's loan for modification. *Id.*

However, Plaintiff provides a bit more detail in his Response. For example, Plaintiff states that he performed by submitting all required information to Defendant. *See* Dkt. No. 8 at 3, 5; *see also* Dkt. No. 1-1 at 8 of 22. Of course, statements made in a brief do not save a deficient complaint. *See Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings."). And in any case, Plaintiff alleges insufficient facts even considering the statements that Plaintiff makes in his Response. Nevertheless, because it appears that Plaintiff may not have pled his best case, Plaintiff should be permitted to replead his breach of unilateral contract claim. *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Plaintiff includes within his breach of contract claim allegations that Defendant "has not exercised good faith and fair dealing." Dkt. No. 1-1 at 10 of 22. Plaintiff bases this theory on allegations that Defendant purposefully delayed and misled Plaintiff to the point of possible foreclosure. *See id.* Defendant is silent as to Plaintiff's allegations regarding the covenant of good faith and fair dealing; however, the undersigned nevertheless recommends that this claim be dismissed without prejudice. The Court may *sua sponte* dismiss a claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the intention to dismiss and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *4 n.6 (N.D. Tex.

Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013).

Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts. *See Great Am. Inc. Co. v. N. Austin Mun. Utility Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Rather, the duty of good faith and fair dealing arises where a special relationship of trust exists between the parties. *See Vogel v. Travelers Indent. Co.*, 966 S.W.2d 748, 753 (Tex. App. – San Antonio 1998, no pet.). "Ordinarily, there is no such duty in lender/lendee relationships." *Id.* Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 3:11-cv-430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (internal quotations omitted), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011).

Plaintiff has not offered any allegations that would show any "special relationship" between Plaintiff and Defendant. *Compare Omrazeti v. Aurora Bank FSB*, No. SA:12-CV-00730-DAE, 2013 WL 3242520, at *13-*16 (W.D. Tex. June 25, 2013) (citing *Milton v. U.S. Bank Nat. Ass'n,* 508 F. App'x 326, 300 (5th Cir. 2013)). Plaintiff has also not pointed to any authority to establish that there is a duty of good faith and fair dealing in the mortgage context. *See Wiley v. U.S. Bank, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *7 (N.D. Tex. May 30, 2012); *Casterline v. Indy Mac / One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011). Further, neither the Texas Business and Commerce Code nor the Uniform Commercial Code impose a duty of good faith and fair dealing in this context. *See Water Dynamics, Inc. v. HSBC Bank U.S.A.,*

No. 4:11-CV-614-A, 2012 WL 34253, at *5 (N.D. Tex. Jan. 6, 2012); *McAllister v. BAC Home Loans Servicing*, LP, No. 4:10-CV-504, 2011 WL 2200672, at *4 (E.D. Tex. Apr.28, 2011), *rec. adopted*, 2011 WL 2183844 (E.D. Tex. June 6, 2011).

For these reasons, the undersigned recommends that, because it appears that Plaintiff may not have pled his best case, Plaintiff's claim of breach of the covenant of good faith and fair dealing should be dismissed without prejudice.

Finally, Defendant urges that all of Plaintiff's breach of contract claims should be dismissed because they are barred by the statute of frauds where they are based on an alleged promise to consider Plaintiff for a loan modification. Specifically, Defendant, citing Tex. Bus. Com. Code § 26.01(a), argues that, "[u]nder Texas law, an agreement that by its terms or by the nature of the required performance cannot be performed within one year from the date it is made is subject to the statute of frauds." Dkt. No. 4-1 at 3. Defendant then states, without citation, that "the loan at issue here was payable over 30 years." *Id.* at 4. Defendant did not attach a copy of the Note or Deed of Trust to its Motion to Dismiss. Neither document is otherwise in the record, and the Original Petition does not make any allegations regarding the term of the loan. *See* Dkt. No. 1-1.

"The statute of frauds is an affirmative defense, and thus its application must be conclusively established in the pleadings to support a dismissal under Rule 12(b)(6)." *Lopez*, 2012 WL 2726762, at *3. In addition to the term of the loan, Defendant has failed to demonstrate several other requirements to establish an affirmative defense under the statute of frauds, including whether the agreement at

issue was oral; whether the purported modification to the loan materially modified any terms of the Note and/or Deed of Trust; and whether the required statutory notice was given, and the undersigned lacks information to make these determinations. *See id.*; *see also Rhodes v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2347-L, 2013 WL 2090307, at *7-*10 (N.D. Tex. May 14, 2013); *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, No. 3:10-CV-2506-D, 2013 WL 81485, at *5 (N.D. Tex. Jan. 8, 2013); *Higgins v. Bank of Am., N.A.*, No. 3:12-cv-5297-N-BN, 2013 WL 2370564, at *6 (N.D. Tex. May 31, 2013). Although Plaintiff, in his Response, does not dispute the term of the loan alleged by Defendant, and indicates that the modification in question was oral, Defendant has the burden to establish its affirmative defense based on the pleadings, and it has failed to meet that burden. On the record before the Court at this stage of the proceedings, the undersigned cannot conclude that the statute of frauds bars Plaintiff's claims.

The Tort of Unreasonable Collection Efforts

Under Texas law, unreasonable collection is a common law intentional tort. *See Kopin v. Wells Fargo Bank*, N.A., No. 4:11-CV-751, 2013 WL 74601, at *6 (E.D. Tex. Jan.4, 2013). "The elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Id.* Therefore, the reasonableness of conduct is judged on a case-by-case basis. *See id.* To support a claim of unreasonable collection efforts, plaintiff must allege facts that amount to a course of harassment by the defendant that was "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n,* 509 F. App'x 367, 370 (5th Cir. 2013); *De Franceschi v. BAC Home Loans*

*Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011), *rec. adopted*, 2011 WL 675392 (E.D. Tex. Feb.16, 2011); *accord Smith v. JPMorgan Chase Bank, N.A.*, No. 12-40816, 2013 WL 1165218, at *2 (5th Cir. Mar. 22, 2013).

Here, Plaintiff has alleged that Defendant "has failed to give Plaintiff a reasonable offer of a loan modification even after its agreement to do so" and "has intentionally misled and delayed Plaintiff to the point of possible foreclosure. While all along, Defendant assessed late charges and penalties and imposed numerous additional charges upon Plaintiff's mortgage loan account, thus using a deceptive means to collect a debt." Dkt. No. 1-1 at 11 of 22. Defendant argues that these allegations fail to state a claim.

The undersigned agrees. Plaintiff fails to allege that Defendant's conduct was "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Water Dynamics*, 509 F. App'x at 370; *accord Milton v. U.S. Bank Nat. Ass'n*, No. 12-40742, 2013 WL 264561, at *3 (5th Cir. Jan. 18, 2013). And courts in the Northern District have dismissed nearly identical claims. *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 814-15 (N.D. Tex. 2012) (concluding that defendant's alleged failure to give the plaintiff a chance to reinstate or cure the default; intentionally misleading and delaying the plaintiff to the point of foreclosure; assessing late charges, penalties, and other additional charges; and improperly placing the property in foreclosure did not constitute unreasonable collection efforts); *May v. Wells Fargo Home Mortgage*, 3:12-cv-4597-D, 2013 WL 2984795, at *3 (N.D. Tex. June 17, 2013);

*Enis*, 2013 WL 1721961, at *3-*4; *Massey v. JPMorgan Chase Bank, N.A.*, No. 4:12-cv-154, 2012 WL 3743493, at *9 (N.D. Tex. Aug. 29, 2012); *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011); *see also Cuevas v. BAC Home Loans Servicing, L.P.,* No. 4:10-cv-31, 2012 WL 4339063, at *5 (S.D. Tex. Sept. 19, 2012).

Moreover, Plaintiff, by his own admission, was in default throughout the time the alleged acts occurred. *See, e.g.*, Dkt. No. 1-1 at 8-9 of 22. "[O]ther judges in the Northern District of Texas that have considered the issue, under very similar circumstances, have dismissed such claims brought by plaintiffs in federal court, noting that Texas courts generally do not sustain claims of unreasonable collection efforts when the plaintiff still owes money to the lender." *Richardson*, 872 F. Supp. 2d at 814-15.

In his Response, Plaintiff merely argues for application of a lesser standard than the requirement that Defendant's conduct be "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." Dkt. No. 8 at 8. However, many decisions in the Fifth Circuit have considered arguments identical to Plaintiff's, and the great weight of authority has rejected them. *See, e.g.*, *Water Dynamics,* 509 F. App'x at 370; *De Franceschi*, 477 F. App'x at 205; *Richardson*, 872 F. Supp. 2d at 814-15.

While Plaintiff's complaint is deficient, the record does not demonstrate whether Plaintiff has pled his best case; therefore, the undersigned recommends that Plaintiff's unreasonable collection efforts claim be dismissed without prejudice.

-12-

Injunctive Relief

Because the undersigned has determined that none of Plaintiff's claims can withstand dismissal, Plaintiff's request for injunctive relief cannot survive. Injunctive relief is a form of relief based on underlying claims. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Plaintiff's claim for injunctive relief should be dismissed without prejudice.

## Recommendation

The Court should grant Defendant's motion to dismiss [Dkt. No. 4] without prejudice as to Plaintiff's claims for (1) breach of contract; (2) anticipatory breach of contract; (3) breach of unilateral contract; (4) breach of the covenant of good faith and fair dealing; (5) the tort of unreasonable collection efforts; and (6) injunctive relief. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to these claims that should be dismissed without prejudice and should order that, if Plaintiff fail to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-13-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE